IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ANDRES LOPEZ**                                                                                    **PETITIONER**
Reg. #35574-007

VS.                               NO. 2:17-CV-76-BRW-BD

**GENE BEASLEY, Warden,**
Federal Correctional Institution-Low,
Forrest City, Arkansas                                                                           **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

On October 31, 2003, in the Superior Court of the District of Columbia, Petitioner Andres Lopez pleaded guilty to the unauthorized use of a motor vehicle. (Docket Entry #14-1 at 3) He was sentenced to two years' probation, three years' suspended sentence,

and three years' supervised release. (*Id.*) Mr. Lopez's probation was revoked on December 27, 2004, and he was sentenced to three years' imprisonment to be followed by three years' supervised release. (*Id.* at 2 & 7) He was released from prison and began his term of supervised release on June 22, 2007. (*Id.* at 7-8)

On October 6, 2009, a United States Parole Commission ("USPC")[1] case analyst requested a warrant for Mr. Lopez's arrest, alleging that he had violated the conditions of his supervised release by failing to submit to drug testing; by using dangerous and habit-forming drugs (cocaine); by leaving the scene of an accident; by being terminated from inpatient-drug treatment; and by failing to report to his supervising officer. (*Id.* at 9-10) The warrant was issued the same day. (*Id.* at 11)

On November 7, 2009, before the revocation warrant was executed, Mr. Lopez, along with a co-defendant, committed an armed robbery that resulted in the death of a victim. (#14-1 at 12 & 17) Mr. Lopez was arrested by the Washington D.C. Metropolitan Police Department for the murder on November 18, 2009.[2] (*Id.*) Thereafter, on November 20, 2009, the USPC supplemented its warrant application, asserting that Mr. Lopez had committed new supervised release violations, including murder and cocaine use. (*Id.* at

---

[1] The USPC has jurisdiction over D.C. Code supervised releasees pursuant to D.C. Code §24-133(c).

[2] In his brief, Respondent lists Mr. Lopez's arrest date as November 20, 2009. (#14 at 2) However, a review of the accompanying documents as well as an online search of the docket sheet reveals that Mr. Lopez appears to have been arrested on November 18, 2009, (#14-1 at 12) but he was not formally charged and, thus, his jail time did not begin running until November 20, 2009. (*Id.* at 5); *see also*, *United States v. Andres N. Lopez*, 2009 CF1 024665, www.dccourts.gov/eaccess/search.

12) Because Mr. Lopez was already in custody on the murder charge, the warrant was lodged as a detainer. (*Id*. at 6)

Mr. Lopez eventually pleaded guilty to voluntary manslaughter while armed on February 15, 2013, in the Superior Court of the District of Columbia. He was sentenced to 14 years' imprisonment to be followed by five years' supervised release. (*Id*. at 4) Although a D.C. conviction is analogous to a state conviction, D.C. prisoners are incarcerated in federal prisons. See D.C. Code 24-101 (any person incarcerated pursuant to the District of Columbia Official Code is in Bureau of the Prison's ("BOP") custody and subject to BOP regulations). Mr. Lopez is currently incarcerated for manslaughter at the Federal Correctional Complex, in Forrest City, Arkansas.

On May 4, 2017, Mr. Lopez filed a pro se petition for writ of habeas corpus (#1) under 28 U.S.C §2241. He contends that the BOP has not given him credit for the time he served in jail prior to trial and seeks credit for the time he served from the date of his arrest in November of 2009, until his conviction and sentencing in February of 2013. (*Id*. at 2) Mr. Lopez seeks release from incarceration and the removal of any outstanding detainers. (*Id*. at 2-3)

**III.   Discussion:**

Mr. Lopez's claim is premised on his belief that he was arrested in November of 2009 pursuant to the warrant requested by the USPC.  (#1 & 16) He contends that, since that time, he has been continuously in custody on the revocation warrant and that the BOP, therefore, erroneously failed to give him credit for the time he was jailed pending

3

his eventual incarceration for manslaughter– that is, from November of 2009 to February of 2013.

It is evident, however, that Mr. Lopez was arrested by the Washington D.C. Metro P.D., not on the warrant requested by USPC for supervised release violations, but rather, for murder. (#14-1 at 12) In fact, the record shows that Mr. Lopez has received credit on his manslaughter sentence for the time he was jailed prior to his conviction, sentencing, and incarceration for manslaughter. (#14-1 at 5)

A habeas corpus petition may be brought under § 2241 to challenge the "execution" of a sentence, rather than the sentence itself. *Barakat v. Fisher*, 564 F.App'x 866, 867 (8th Cir. 2014) (*per curiam*); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Mr. Lopez, however, is seeking habeas relief for a sentence that has not yet been imposed; that is, sentencing on his supervised release revocation. Accordingly, Mr. Lopez's claim is not ripe for review and should be dismissed.[3] *Cf. Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) (prisoner may not challenge detainer via habeas corpus

---

[3] Because this claim in not ripe for review, this Court need not decide whether jurisdiction exists to decide §2241 claims raised by a D.C. Prisoner, a prisoner in custody pursuant to the D.C. Code but housed in a federal penitentiary. See *Wheeler v. Rivera*, No. 2:14-CV-64-KGB-JTR, 2015 WL 7731473 (E.D. Ark. April 23, 2015), report and recommendation adopted Nov. 30, 2015 (recognizing split among courts as to whether D.C. Prisoners must seek habeas review pursuant to §2254 or §2241); see also, *Swain v. v. Pressley*, 430 U.S. 372, 381 (1977) (recognizing that federal habeas challenges to sentences imposed by the District of Columbia Superior Court should not be entertained unless the remedy provided under the D.C. Code is inadequate or ineffective to test the legality of his detention) (interpreting D.C. Code 23-110); *Gant v. Reilly*, 224 F. Supp. 2d 26, 32 (D.D.C. 2002) (same).

until he is placed in INS custody, which will not occur until prisoner is released from present term of confinement), *cert. denied*, 490 U.S. 1082 (1989).

Mr. Lopez, however, is not in custody based on supervised release violations. Rather, the warrant that was issued at the request of the USPC currently serves as a detainer so that, at the conclusion of his current sentence, he can be returned to the District of Columbia Superior Court to answer charges that he violated his supervised release. (#14-1 at 6); 28 C.F.R. § 2.213(a) & (d) ("A releasee's violation term . . . shall start to run only upon the offender's release from the confinement portion of the intervening sentence."). "If a parolee allegedly has violated conditions of his release, the USPC is authorized to '[i]ssue a warrant for the apprehension and return of the offender to custody,' 28 C.F.R. § 2.98(a)(2), and a warrant 'operates to bar the expiration of the parolee's sentence.'" *Brown v. U.S. Parole Comm'n*, 713 F. Supp. 2d 11, 13–14 (D.D.C. 2010) (citing 28 C.F.R. § 2.98(e) and *Owens v. Gaines*, 219 F.Supp.2d 94, 101 (D.D.C. 2002) (sentence tolled from the warrant's issuance until the parolee was taken back into custody upon execution of the warrant)). And, whether the revocation charges will stand given the time that has passed, according to the Respondent, remains unknown. (#14 at 5) Because Mr. Lopez has not yet faced charges that he violated supervised release, there is no sentence to review.

Further, to the extent that Mr. Lopez is asking to be returned to the District of Columbia to face those charges, this claim also fails. Article III of Interstate Agreement on Detainers ("IAD"), § 2, Art. III, 18 U.S.C.A. App., gives a prisoner incarcerated in one state the right to demand speedy disposition of "any untried indictment, information

5

or complaint" that prompted the detainer lodged against him. Unfortunately for Mr. Lopez, the IAD does not apply to detainers for probation-violation charges. *Carchman v. Nash*, 473 U.S. 716, 725-26 (1985).

**IV.    Conclusion:**

The Court recommends that Judge Wilson DISMISS Mr. Lopez's petition for writ of habeas corpus (#1), without prejudice, under Rule 4 of the Rules Governing Section 2254 cases.[4]

DATED this 27th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions filed under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.